Albert Ellinger, Doing Business Under the Name of A. Ellinger & Co., v. John Hogan and George Hogan, Partners Under the Name of Hogan Bros.

1. CONTRACTS—*When Conditional.*—E. & Co. contracted with H. B. to send them, with a competent man, a lot of cloaks for an opening sale; H. B. agreed if the goods were satisfactory to buy what was left. *It was held,* that the agreement to buy the portion of the goods remaining unsold was conditioned upon their being satisfactory.

Memorandum.—Assumpsit for goods sold. Error to the Circuit Court of Effingham County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

### STATEMENT OF THE CASE.

Albert Ellinger, doing business under name of A. Ellinger & Co., brought this suit to recover of Hogan Bros. the price of certain cloaks alleged to have been sold and delivered to them by plaintiff. A jury was waived, the cause was tried by the court, the issues found for defendants, and judgment for costs was entered against plaintiff. The abstract is quite imperfect, and we have been aided very little by it in ascertaining the full facts proven, but were obliged to examine carefully the entire evidence in the record. The controversy arose over a balance of $286.55 claimed to be due and unpaid on a bill of $510.30 for cloaks shipped to defendants, to be exhibited and sold at an " opening," which as appears in the evidence is an arrangement by the seller to send an experienced man with a select line of goods to the customer who advertises the time and place when and where the

same will be shown and offered for sale. Both parties are benefited, and by the general custom, as we think, the evidence shows the unsold goods are returned to the vendor and the customer accounts to him for those only which are sold.

About October 15th or 20th, 1891, defendants arranged with plaintiff through Birkett, his agent (who had sold defendants' goods in the latter part of the summer), for an opening to be given at their stores in Effingham and East St. Louis. Plaintiff says he did not then know defendants had a store at the latter place, but it appears Birkett did; prior to this and on October 7, 1891, defendants wrote to plaintiff, asking him if he was in the habit of giving customers an opening, and stating, if he could, they would like him to send Birkett with sample lines; must be nice and sell them outright; would like him to come about November 1st. "If the line is satisfactory will buy what is left. Manhatten has been giving us an opening for five or six years. Write us by return of mail and let us know what arrangements you can make." On November 2d defendants again wrote plaintiff they had advertised opening for November 9th and 10th, asking him to wire at once if his man could come, stating they would get out circulars advertising them in all the surrounding towns, " so be sure and bring a big line as we expect a big day and expect to sell them here outright," and requested plaintiff to wire at once. On November 3d plaintiff telegraphed, "Will try and have Mr. Birkett there on time," and on the same day wrote to the same effect, adding that he would send all the better class of goods he could spare. On November 7th defendants wired plaintiff, " Don't disappoint us on the 9th; will expect a fine line."

On November 9th Birkett failed to come, but Blair, who was sent by plaintiff in his place, arrived at Effingham with a line of cloaks hastily selected, and unsatisfactory to the defendants; but they, having advertised the opening, sold all they could at that place on that day, and in the evening Blair informed them he could not go to the opening at

East St. Louis on the 10th, but would wire plaintiff and ascertain if he would permit one of the defendants to take the goods there. Defendants testified they informed Blair on the night of the 9th one of them would take the unsold cloaks to East St. Louis and do the best he could, that what he sold they would pay for, and return the balance by freight to save expense, and Blair replied all right, and hoped they would not have many to send back; Blair sent this dispatch to plaintiff that night: " Hogan wants to take cloaks himself to East St. Louis to-morrow; answer." In reply plaintiff wired " Yes, he can do so." The cloaks were taken to the opening at that place on the 10th, and all that remained unsold were returned to plaintiff on the 20th of November, and all of the cloaks that were sold at the two openings it is admitted defendants paid for; but plaintiff refused to receive the cloaks returned, except three " new-markets," claiming defendants had bought the entire lot sent them.

HENRY B. KEPLEY, attorney for plaintiff in error.

GILMORE & GILMORE, attorneys for defendants in error.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.
The evidence justified the court in finding defendants were not liable for the cloaks returned. The letter from defendants to plaintiff, dated October 7, 1891, fairly construed, indicates that no absolute sale of the goods to be shipped for the opening, was made or contemplated by the parties.

" If the line is satisfactory, will buy what is left," is the language used, and upon this condition, made known to plaintiff, the goods were sent to defendants. The goods were not satisfactory, and those left over after the sales were returned within a reasonable time under the circumstances proven, and the defendants were absolved from all liability. Other facts show the sale was conditional. At the close of the day's sale in Effingham, it appears the permission of

plaintiff was required, as both parties understood the transaction, before defendants could take the cloaks to the opening at East St. Louis.    If the sale was absolute, such permission was wholly unnecessary.    In addition to this, the fact sworn to by defendants, that Blair, who was acting for plaintiff, was told the goods remaining unsold after said opening would be returned, and replied all right, and hoped they would not have many to send back, negatives the theory of an absolute sale.    Other evidence in the record shows that the parties did not contract for an unconditional sale, but we have referred to all we deem necessary.    No questions of law were submitted to the court and the finding of the court is sustained by the evidence.    The judgment is affirmed.